UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA09- 544

| | |
|---|---|
| BRYAN GORDON ) | |
| ) | |
| VS. ) | |
| ) | COMPLAINT AND |
| LAW OFFICES OF CURTIS O BARNES PC ) | DEMAND FOR JURY TRIAL |

### COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA" which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and the State of Rhode Island common law cause of action for invasion of privacy.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. 1331 and under 28 U.S.C. § 1367 for the supplemental state law claim. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Bryan Gordan, is a natural person residing in the Town of Hope, County of Washington and State of Rhode Island.

4. Defendant, Law Office of Curtis O Barnes, PC, is located in the City of Anaheim, the County of Orange, and the State of California and is engaged in the business of collecting debts including obligations owed by consumers residing in this state.

1

5. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Sometime after January 1, 2009, Defendant contacted the Plaintiff via the telephone in an attempt to collect on a delinquent consumer obligation ( hereinafter "the debt") previously due HSBC and subsequently assigned to Vion Holdings LLC. At the time of this initial communication, Defendant was fully aware of the Plaintiff's home address, telephone number and possessed other methods of direct communication.

7 Sometime after the above referenced communication, the Defendant, without authorization and or permission, contacted the Plaintiff's father at his residence and discussed the status of the debt. Defendant contacted Plaintiff's father for the sole purpose of pressuring and or coercing the Plaintiff into paying the debt. During this conversation, Plaintiff's father requested that he receive no further telephone calls and or other communication regarding his adult son's financial affairs. Plaintiff's father requested that the debt collector contact the Plaintiff directly at his home or work. Despite this request, Plaintiff's father received two other calls from the Defendant regarding the status of the debt.

8. Plaintiff's father was annoyed that he was receiving calls at his personal residence regarding his married adult son's affairs and thereafter contacted the Plaintiff about the phone calls. Plaintiff was extremely embarrassed and humiliated that his personal affairs were being discussed with his elderly father.

9.  As a direct and proximate result of Defendant's conduct as described above, Plaintiff's rights of privacy were invaded and violated.

## V. FIRST CLAIM FOR RELIEF

10.  Plaintiff repeats and realleges and in incorporates by reference paragraphs (1) through (9) above as if fully set forth herein.

11.  Defendant violated 15 U.S.C. § 1692c(b) by contacting Plaintiff's father and speaking to him about the status and delinquency of the debt.

12.  As a result of the above violation of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

13.  Plaintiff repeats and realleges and in incorporates by reference paragraphs (1) through (12) above as if fully set forth herein.

14.  This is a pendant state claim seeking damages for Defendant's deprivation of Right to Privacy in accordance with R.I.G.L. § 9-1-28.

15.  The acts of Defendant in divulging Plaintiff's private personal financial information to a third party, namely Plaintiff's father is a violation of the privacy rights afforded to the Plaintiff under Rhode Island General laws.

16.  As a result of the above described acts of Defendant, the Defendant is liable to the Plaintiff for actual damages and punitive damages and attorney's fees and costs.

**WHEREFORE**, Plaintiff respectfully prays that Judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Statutory damages pursuant to 15 U.S.C. § 1692k;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

D. Actual and punitive damages and legal fees for the invasion of privacy claim;

E. For such other and further relief as may be just and proper.

BRYAN GORDON<br>
By His Attorneys<br>
CLAUDE F. LEFEBVRE<br>
CHRISTOPHER M. LEFEBVRE, P.C.<br>
<br>
/s/ Christopher M. Lefebvre #4019<br>
P.O. Box 479<br>
Pawtucket, RI 02862<br>
Tel (401) 728-6060<br>
Fax. (401) 728-6534<br>
Chris@lefebvrelaw.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a jury trial in this action.

/s/ Christopher M. Lefebvre #4019

4